CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

February 27, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:19-cr-00024 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DAKOTA ALLEN FOSTER ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Dakota Allen Foster's pro se motion for early termination of supervised release. (Dkt. No. 29.) The government filed a response supporting the early termination of Mr. Foster's supervised release. (Dkt. No. 30.) Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Foster's motion. The court will grant Foster's motion.[1]

I. BACKGROUND

On November 5, 2019, Foster was sentenced for conspiracy to distribute methamphetamine and possessing with intent to distribute methamphetamine. He was sentenced to 30 months' imprisonment on each count to run concurrently followed by three years of supervised release on each count to run concurrently. (Dkt. No. 27.) Foster began his term of supervision on January 10, 2023.

On February 14, 2025, Foster filed a pro se motion for early termination of his remaining supervised release term. Foster has complied with the terms of his supervised release, has maintained employment, tested negative on all drug screens, and has secured a residence for

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

himself and his fiancé and son.  He has been compliant with supervision and has served 70% of his supervised release term.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010).  In addition, the inquiry is broader than the individual's conduct.  *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999).  "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals."  *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination.  *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Foster's offense was serious, he has now served his sentence and over half of his supervised release term.

The court finds that there is no longer a need to protect the public or to deter Foster from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant Foster's motion for early termination of his supervised release.

III.  CONCLUSION

For the foregoing reasons, Foster's motion for early termination of supervised release (Dkt. No. 29) will be granted. The court will issue an appropriate order.

Entered: February 27, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge